**WAL–MART STORES, INC., Appellant,**

v.

**Diane KELLEY, Appellee.**

**No. 2–02–276–CV.**

Court of Appeals of Texas, Fort Worth.

March 20, 2003.

Hoffman Kelley, L.L.P., M. Shane Thompson, Dallas, for appellant.

Danny Duane Pitzer, Mansfield, for appellee.

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant Wal–Mart Stores, Inc. appeals from the default judgment entered against it in favor of appellee Diane Kelley in connection with her workers' compensation case. We affirm.

In appellant's first issue it challenges the trial court's failure to grant its motion for new trial. We review a trial court's decision to grant or deny a motion for new trial under an abuse of discretion standard. *Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994); *Mantis v. Resz,* 5 S.W.3d 388, 391 (Tex.App.-Fort Worth 1999, pet. de-

nied), *overruled in part on other grounds,* *Sheldon v. Emergency Med. Consultants, I, P.A.,* 43 S.W.3d 701, 702 n. 2 (Tex.App.-Fort Worth 2001, no pet.). To overturn a default judgment a movant must show it met the three *Craddock* elements:

> [1] the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; [2] ... the motion for a new trial sets up a meritorious defense and [3] [the motion] is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *Sharpe v. Kilcoyne,* 962 S.W.2d 697, 701 (Tex.App.-Fort Worth 1998, no pet.). While appellant is not required to prove its meritorious defense, it must produce some evidence, that if true, would support its meritorious defense. *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966). Appellant submitted no evidence of its defense at the hearing on its motion for new trial, and neither of the affidavits attached to its motion showed it had a meritorious defense. *See Evans,* 889 S.W.2d at 270. "The motion must allege [f]acts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Ivy,* 407 S.W.2d at 214. Thus, we conclude there was no showing of a meritorious defense.

The dissent disagrees but fails to follow the case it cites, *Evans.* 889 S.W.2d at 266. *Evans* clearly sets forth the sole exception to offering competent evidence to support the movant's *Craddock* motion for new trial: *affidavits* attached to the motion are sufficient, not required. *Id.* at 268. Thus, the movant must either submit competent evidence to support the *Craddock* elements *OR* attach *affidavits* to its motion. Here, appellant did neither yet the dissent is willing to rely on appellant's vague reference to the commission decision as support of its meritorious defense. Appellant never offered an authenticated copy of the decision or the commission file and never asked the court to take judicial notice of it. *See* Tex.R. Evid. 201, 902. Thus, neither was before the court. Additionally, even if the commission decision was before the trial court, at most it would be only proof of the commission's decision, not of its correctness.[1]

Likewise, the dissent's reliance on *ESIS* is misplaced. *ESIS, Inc. Servicing Contractor v. Johnson,* 908 S.W.2d 554 (Tex. App.-Fort Worth 1995, writ denied). *ESIS* only holds that a commission opinion is admissible because it is a part of the commission record, which is admissible by statute. *Id.* at 560; *see also* Tex. Lab.Code Ann. § 410.306(b) (Vernon 1996). *ESIS* does not hold that one does not have to even offer it into evidence. It simply holds it is admissible if offered.[2] *ESIS,* 908 S.W.2d at 560; *see also* Tex.R. Evid. 902, 1005 (authentication requirements).

Next, the dissent claims that because rule 320 contains no requirement that documentary evidence be attached to the mo-

---

1. The dissent says because the decision was attached to appellee's petition it was in the record. This is not enough. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex.1995) ("Generally, pleadings are not competent evidence, even if sworn or verified.")

2. Likewise, we have not said the commission decision cannot be given any weight; only that before it can be given any weight it must be before the court.

tion for new trial, that the majority has created new requirements of its own. Tex.R. Civ. P. 320. The dissent misreads the majority opinion. We do not say documentary evidence has to be attached to the motion for new trial; we simply acknowledge that that is the only recognized alternative when a movant offers no evidence of its meritorious defense at the hearing on the motion for new trial. We are mindful of rule 320's silence on this issue but also acknowledge *Craddock*'s clear application to appellant's motion for new trial. It is *Craddock*, not rule 320, that requires the movant to come forward and offer into evidence the facts that show it has met *Craddock*'s three-part test to justify a new trial. *See Craddock*, 133 S.W.2d at 125–26. Even appellant acknowledges this. Further, we note that this argument, made by the dissent, was not even raised by the appellant at the hearing on the motion for new trial or here. *See* Tex.R.App. P. 33.1(a); *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex.1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."). Therefore, we conclude the trial court did not abuse its discretion in denying appellant's motion for new trial. Appellant's first issue is overruled.

In appellant's second issue it contends the trial court committed harmful error by failing to issue findings of fact and conclusions of law upon appellant's request and notice that they were past due. *See* Tex.R. Civ. P. 296, 297. However, appellant failed to timely file its request for findings of fact and conclusions of law, so we may presume the record supports the trial court's judgment unless challenged by appellant. *See Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex.1996). Generally, the failure of the trial court to file timely requested findings and conclusions is presumed harmful un-

less the record affirmatively shows that the complaining party suffered no injury. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989); *see also* Tex.R. Civ. P. 297. However, because appellant failed to timely file its request, it has waived its complaint regarding the court's failure to issue findings of fact and conclusions of law. *See Am. Realty Trust, Inc. v. JDN Real Estate–McKinney, L.P.*, 74 S.W.3d 527, 530 (Tex.App.-Dallas 2002, pet. denied). Further, because the record affirmatively shows that appellant failed to present a meritorious defense, it could show no harm. We overrule appellant's second issue.

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

CAYCE, C.J. filed a dissenting opinion.

JOHN CAYCE, Chief Justice, dissenting.

I dissent because I believe Wal–Mart Stores "set up" a meritorious defense to Kelley's workers' compensation claim. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

A meritorious defense is one that, if proven, would cause a different result in retrial of the case. *Holliday v. Holliday*, 72 Tex. 581, 10 S.W. 690, 692 (Tex.1889). A party is not required to prove the truth of a meritorious defense before the party is entitled to a new trial. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex.1994). The facts in support of the meritorious defense may be set forth by affidavit or other competent evidence. *Guar. Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex.1982). It is sufficient that the affidavit or other competent evidence setting forth the meritorious defense be part of the record; it does not have to be offered into evidence in order to be considered by the trial court for the meri-

torious defense element or any other element of the *Craddock* test. *Evans*, 889 S.W.2d at 268.

The Texas Workers' Compensation Commission found that Kelley did not sustain a compensable injury to her upper back and neck. Kelley appealed this decision to the county court at law. A copy of the commission decision was attached to Kelley's original petition. In its motion for new trial, Wal–Mart alleged as its meritorious defense that the commission was correct in concluding that Kelley is not entitled to income and medical benefits for the alleged injury. The commission decision attached to Kelley's original petition was incorporated by reference in Wal–Mart's motion. At the hearing on the motion, Wal–Mart's counsel referred the court to the commission decision and stated that Wal–Mart "intended to use" the decision "at trial" as evidence to show that Kelley had not sustained a compensable injury to her neck and back. No objection was made by Kelley's counsel to Wal–Mart's reliance on the commission decision in support of its meritorious defense claim.

In *ESIS, Inc., Servicing Contractor v. Johnson*, 908 S.W.2d 554 (Tex.App.-Fort Worth 1995, writ denied), this court held that under the Supreme Court of Texas's decision in *Texas Workers' Compensation Commission v. Garcia*, a commission appeals panel decision is competent and probative evidence that may be considered by

the fact-finder in an appeal of the commission decision to the trial court under chapter 410 of the Texas Labor Code. *ESIS*, 908 S.W.2d at 559–61; *see Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 528 (Tex.1995). Thus, the commission decision is competent evidence, which if admitted at trial, would constitute some evidence to support Wal–Mart's defense that Kelley did not sustain a compensable injury to her neck and back.[1]

The majority erroneously holds, however, that the commission decision cannot be relied on by Wal–Mart to set up its meritorious defense because an authenticated copy of the commission decision was not attached to the motion for new trial. The rules of civil procedure governing motions for new trial contain no such hypertechnical requirements. Rule 320 states that a motion for new trial must "be in writing and signed by the party or his attorney." TEX.R. CIV. P. 320. The motion must also state the complaint in such a way that it "can be clearly identified and understood by the court." TEX.R. CIV. P. 321. Complaints and objections couched in general terms "shall not be considered by the court." TEX.R. CIV. P. 322. Nowhere in these rules, *Craddock*, or cases applying *Craddock* is there a mandatory requirement that an affidavit or other competent evidence offered in support of a motion for new trial must be "attached" to the motion as a condition for consideration by the trial court.[2]

---

**1.** The majority agrees that the commission decision is admissible but apparently does not believe it is entitled to be given any weight on the issue of whether Kelley sustained a compensable injury. According to the majority, the decision is "only proof of the commission's decision, not of its correctness." Majority Op. at 644. This conclusion is in direct conflict with the supreme court's decision in *Garcia* and our decision in *ESIS*. *See Garcia*, 893 S.W.2d at 528 (recognizing that jury may accord weight to commission decision on is-

sue of compensability but is not required to do so); *ESIS*, 908 S.W.2d at 560 (rejecting argument that commission decision should not be admitted because jury may have accorded "special weight" to it on issue of course and scope).

**2.** None of the cases cited and relied on by the majority hold that a meritorious defense is *not* "set up" for the purpose of meeting the *Craddock* test merely because an affidavit or other evidence supporting the defense is not attached to the motion. *See Evans*, 889

Nor is there any requirement that an affidavit or other competent evidence supporting the meritorious defense element be authenticated to be considered by the trial court. Authentication is a "condition precedent to admissibility." Tex.R. Evid. 901(a). Because it was not necessary that the commission decision be admitted into evidence to be considered by the trial court for determining whether Wal–Mart had a meritorious defense, the decision did not need to be in admissible form to be considered by the trial court for such purpose. *See Evans,* 889 S.W.2d at 268.

The historical tendency has been to grant a new trial in a default judgment case liberally. *Miller v. Miller,* 903 S.W.2d 45, 47 (Tex.App.-Tyler 1995, no writ). The law prefers that cases be disposed on their merits whenever possible, rather than by default. *Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield,* 71 S.W.3d 351, 356 (Tex.App.-Tyler 2001, pet. denied). To comport with this preference and the rules governing motions for new trial, I would hold that because the commission decision was filed of record with the trial court by Kelley at the time of the motion for new trial, incorporated by reference in Wal–Mart's motion, and clearly identified by Wal–Mart as evidence that it would offer at trial in support of Wal–Mart's defense without objection by Kelley, the commission decision should have been considered by the trial court in determining whether Wal–Mart set up a meritorious defense. I would further hold that this evidence is sufficient to set up a meritorious defense to Kelley's workers' compensation claim. *See ESIS,* 908 S.W.2d at 560.

· For these reasons, I would reverse the default judgment and remand the case for trial on the merits.

---

S.W.2d at 267. In *Evans,* affidavits supporting the other two elements of *Craddock* were attached to the motion for new trial and the issue before the court was whether the attached affidavits must be offered into evidence to be considered by the trial court. *Id.* The question of whether the affidavits or other evidence must be attached to the motion for consideration by the trial court was not addressed.