WILBERT L. CLEWIS V. ANTHONY HICKS, M.D., JEFF JURY, SAFECO INSURANCE COMPANY OF AMERICA, AND TERRY WRIGHT

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-014-CV

WILBERT L. CLEWIS APPELLANT

V.

ANTHONY HICKS, M.D., JEFF JURY, APPELLEES

SAFECO INSURANCE COMPANY OF 

AMERICA, AND TERRY WRIGHT

------------

FROM THE 348
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. I
NTRODUCTION

In a consolidated suit, Appellant Wilbert L. Clewis sued his employer’s workers’ compensation carrier Safeco Insurance Company, Terry Wright, Dr. Anthony Hicks, and Jeff Jury for releasing his confidential medical information without authorization from appellant or his treating physician.
(footnote: 2)  In preparation for an administrative hearing relating to appellant’s workers’ compensation claim, which Safeco had previously denied, Safeco’s employee, Wright, transmitted appellant’s medical records through Safeco’s counsel, Jury, to Dr. Hicks for his expert review.  At the benefit contested case hearing, where Dr. Hicks testified without objection, the Texas Workers’ Compensation Commission determined that the injury appellant claimed was not compensable.  This suit followed.  Appellant and appellees filed competing motions for summary judgment regarding appellant’s claims.  The trial court denied appellant’s motion for summary judgment and granted appellees’ motion for summary judgment.  After the final judgment was entered, appellant filed a motion for new trial.  The trial court denied appellant’s motion for new trial.  This appeal followed.  In two issues, appellant complains that the trial court erred in granting the appellees’ motion for summary judgment and in denying the appellant’s motion for a new trial.
(footnote: 3) 
 We affirm. 

II. M
OTION
 F
OR
 S
UMMARY
 J
UDGMENT

In his third issue, appellant complains the 
trial court erred in granting  appellees’ motion for summary judgment because the evidence is insufficient as a matter of law to support the trial court’s judgment.  The standards for reviewing a motion for summary judgment are well established. 
 
Ryland Group, Inc. v. Hood
, 924 S.W.2d 120, 121 (Tex. 1996).
  The movant has the burden of showing that there is no genuine material issue of fact and that it is entitled to judgment as a matter of law.  
Id
.
  Where both parties file a motion for summary judgment, and one is granted and one denied, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. 
 Dow Chem. Corp. v. Bright
, 89 S.W.3d 602, 605 (Tex. 2002). 
 When the trial court does not specify the grounds on which it granted summary judgment, 
the appellant must show it was error to base it on any grounds asserted in the motion.
  Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex.1995).  Therefore, when, as here, no grounds are stated in the summary judgment, we must affirm it if any one of the movant’s theories has merit.  
Id
. 
 

Appellees moved for summary judgment claiming appellant could not prove the grounds he alleged against them.  Appellant’s petition claims that in disclosing his medical records without authorization, appellees invaded his privacy.  In their motion for summary judgment, appellees assert that Texas recognizes only two species of invasion of privacy claims:  the “right to be left alone”
(footnote: 4) and freedom from public disclosure of embarrassing facts.
(footnote: 5)  Since appellant claims injury under the Medical Practice Act, which deals with physician’s disclosures of their patients’ medical records,
(footnote: 6) and neither of the recognized privacy claims, appellees Safeco, Wright, and Jury, who are not doctors, argue they are entitled to summary judgment as a matter of law.  
In his brief on appeal, appellant does not rebut this theory or cite any evidence that the court erred in granting summary judgment on this point.  Therefore,
 we must affirm the trial court’s summary judgment.  We overrule appellant’s third issue.

III. M
OTION
 F
OR
 N
EW
 T
RIAL

In his fourth issue, appellant complains the trial court erred in denying  appellant’s motion for a new trial because appellees did not file a response to appellant’s uncontroverted affidavit in support of his motion for new trial or appear at the hearing on appellant’s motion for new trial.  Appellant, however, failed to provide any authority to support this argument in his brief.
(footnote: 7)  Moreover, the decision to grant or deny a motion for new trial is left to the sound discretion of the trial court, and in the absence of abuse of discretion an appellate court should not reverse. 
 Dir., State Employees Workers' Comp. Div. v. Evans
, 889 S.W.2d 266, 268 (Tex.1994); 
Wal-Mart Stores, Inc. v. Kelley
, 103 S.W.3d 642, 634-44 (Tex. App.—Fort Worth 2003, no pet.).  Therefore, we overrule appellant’s fourth issue. 

IV. C
ONCLUSION 

Having overruled appellant’s issues on appeal, we affirm the trial court’s judgment.

PER CURIAM 
 

PANEL A: SAM J. DAY, J. (Retired, Sitting by Assignment); CAYCE, C.J.; and GARDNER, J.

DELIVERED:  December 4, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: 
Article 4495b, § 5.08 of the Texas Revised Civil Statutes, the statute under which appellant purported to recover, was repealed effective September 1, 1999, and recodified into the Texas Occupation Code. 
 See 
T
EX
. O
CC
. C
ODE 
A
NN.
 §§ 151.001, 159 (Vernon 2004); 
see also In re Univ. of Tex. Health Ctr. at Tyler
, 33 S.W.3d 822, 824 (Tex. 2000) (recognizing the recodification). 

3: In a letter brief filed on September 29, 2003, appellant abandoned his appeal against Dr. Hicks as well as his first and second issues complaining that the trial court abused its discretion by accepting appellees’ untimely amended answer and response to summary judgment.  Similarly, appellant does not complain on appeal that his motion for summary judgment was denied. Therefore, we will not address those issues.

4:
See Billings v. Atkinson
, 489 S.W.2d 858, 859-60 (Tex. 1973).

5:
See Industrial Found. of the S. v. Texas Indus. Accident Bd
., 540 S.W.2d 668, 679-80 (Tex. 1976). 

6: 
See 
T
EX
. O
CC
. C
ODE 
A
NN.
 § 159
. 

7:
In his Reply Brief, appellant cites to cases involving the three-part 
Craddock 
test used to determine if the trial court should grant a motion for new trial following a default judgment.  
Craddock v. Sunshine Bus Lines
,
 
133 S.W.2d 124, 126 (Tex. Com. App. 1939).  However, 
Craddock
 and its progeny do not apply because no default judgment was entered in this case.