COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-014-CV
 
WILBERT L. CLEWIS                                                              APPELLANT 
 
V.
 
ANTHONY HICKS, M.D., JEFF JURY,                                        APPELLEES 
SAFECO INSURANCE COMPANY OF 
AMERICA, AND TERRY WRIGHT
 
------------
 
FROM THE 
348TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
I. INTRODUCTION 

In a consolidated suit, Appellant Wilbert L. Clewis sued his employer’s 
workers’ compensation carrier Safeco Insurance Company, Terry Wright, Dr. 
Anthony Hicks, and Jeff Jury for releasing his confidential medical information 
without authorization from appellant or his treating physician. 


 In preparation 
for an administrative hearing relating to appellant’s workers’ compensation 
claim, which Safeco had previously denied, Safeco’s employee, Wright, 
transmitted appellant’s medical records through Safeco’s counsel, Jury, to Dr. 
Hicks for his expert review. At the benefit contested case hearing, where Dr. 
Hicks testified without objection, the Texas Workers’ Compensation 
Commission determined that the injury appellant claimed was not compensable. 
This suit followed. Appellant and appellees filed competing motions for 
summary judgment regarding appellant’s claims. The trial court denied 
appellant’s motion for summary judgment and granted appellees’ motion for 
summary judgment. After the final judgment was entered, appellant filed a 
motion for new trial. The trial court denied appellant’s motion for new trial. 
This appeal followed. In two issues, appellant complains that the trial court 
erred in granting the appellees’ motion for summary judgment and in denying 
the appellant’s motion for a new trial. 
 

 We affirm. 
 II. MOTION FOR SUMMARY JUDGMENT 
        In his third issue, appellant complains the trial court erred in granting 
appellees’ motion for summary judgment because the evidence is insufficient 
as a matter of law to support the trial court’s judgment. The standards for 
reviewing a motion for summary judgment are well established. Ryland Group, 
Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996). The movant has the burden
of showing that there is no genuine material issue of fact and that it is entitled
to judgment as a matter of law. Id. Where both parties file a motion for
summary judgment, and one is granted and one denied, the reviewing court
should review the summary judgment evidence presented by both sides,
determine all questions presented, and render the judgment that the trial court
should have rendered. Dow Chem. Corp. v. Bright, 89 S.W.3d 602, 605 (Tex.
2002). When the trial court does not specify the grounds on which it granted
summary judgment, the appellant must show it was error to base it on any
grounds asserted in the motion. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471,
473 (Tex.1995). Therefore, when, as here, no grounds are stated in the
summary judgment, we must affirm it if any one of the movant’s theories has
merit. Id. 
        Appellees moved for summary judgment claiming appellant could not 
prove the grounds he alleged against them. Appellant’s petition claims that in 
disclosing his medical records without authorization, appellees invaded his 
privacy. In their motion for summary judgment, appellees assert that Texas 
recognizes only two species of invasion of privacy claims: the “right to be left 
alone”
 

 and freedom from public disclosure of embarrassing facts. 
 

 Since 
appellant claims injury under the Medical Practice Act, which deals with
physician’s disclosures of their patients’ medical records,
 

 and neither of the 
recognized privacy claims, appellees Safeco, Wright, and Jury, who are not
doctors, argue they are entitled to summary judgment as a matter of law. In
his brief on appeal, appellant does not rebut this theory or cite any evidence
that the court erred in granting summary judgment on this point. Therefore, we
must affirm the trial court’s summary judgment. We overrule appellant’s third
issue.
III. MOTION FOR NEW TRIAL
        In his fourth issue, appellant complains the trial court erred in denying 
appellant’s motion for a new trial because appellees did not file a response to 
appellant’s uncontroverted affidavit in support of his motion for new trial or 
appear at the hearing on appellant’s motion for new trial. Appellant, however, 
failed to provide any authority to support this argument in his brief. 
 

 Moreover, 
the decision to grant or deny a motion for new trial is left to the sound
discretion of the trial court, and in the absence of abuse of discretion an
appellate court should not reverse. Dir., State Employees Workers' Comp. Div.
v. Evans, 889 S.W.2d 266, 268 (Tex.1994); Wal-Mart Stores, Inc. v. Kelley,
103 S.W.3d 642, 634-44 (Tex. App.—Fort Worth 2003, no pet.). Therefore,
we overrule appellant’s fourth issue. 
 
IV. CONCLUSION 
        Having overruled appellant’s issues on appeal, we affirm the trial 
court’s judgment. 
                                                          PER CURIAM   
PANEL A:   SAM J. DAY, J. (Retired, Sitting by Assignment); CAYCE, C.J.; 
and GARDNER, J. 
 
DELIVERED: December 4, 2003