**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**Salvidor DAVILLA, Appellee.**

**No. 2–03–270–CV.**

Court of Appeals of Texas, Fort Worth.

May 20, 2004.

Rehearing Overruled June 24, 2004.

Burns, Anderson, Jury, & Brenner, L.L.P. and David Brenner, Austin, for Appellant.

Norman Darwin, Fort Worth, for Appellant.

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This is an appeal from a workers' compensation case in which Appellee Salvidor Davilla filed suit for judicial review of a Texas Workers' Compensation Commission (TWCC) Appeals Panel's decision that his compensable injury does not extend to include his left knee.

### Factual and Procedural Background

Appellee served CT Corp System—the registered agent for service of process for Appellant Continental Casualty Company—on November 19, 2002. Appellant failed to file an answer and Appellee moved for a default judgment, which was granted on May 5, 2003. Appellant contends that it received notice of the default judgment from Appellee's attorney on June 26, 2003—more than 20 days but less than 90 days from the date the default judgment was entered. *See* Tex.R. Civ. P. 306a(4).

Appellant filed a motion for new trial accompanied with affidavits from three of its employees on July 28, 2003. Grace Evola–Bourlon, a claims manager supervisor for CNA Group of Insurance Companies ("CNA"),[1] stated by sworn affidavit that Appellant was served with Appellee's claim on November 19, 2002. Evola–Bourlon admitted that Appellant failed to answer the suit and provided an explanation for Appellant's failure to appear at trial. According to Evola–Bourlan, the claims management department assigned this claim to an attorney in Dallas according to the company's ordinary procedures. Due to an accidental oversight, however, the suit papers were not forwarded to the attorney. Evola–Bourlan stated that she was not aware of this mistake until Appellant received the copy of the default judgment from Appellee's attorney. Debra Line, a claims specialist for CNA, provided an affidavit stating that Appellant first received actual or written notice of the default judgment on June 26, 2003, when she received a letter and copy of the default judgment from Appellee's attorney. Finally, Albert Diombala, also a claims manager for CNA, testified by affidavit that it was his opinion that Appellant had a meritorious defense to Appellee's claim.

At the hearing on the motion for new trial, held on August 29, 2003, the district clerk of Parker County, Elvera Johnson, testified that it is the regular practice of the court for the records management deputy to send copies of a default judgment to the losing party and then mark the file jacket with the date that the judgment was signed and the date the copy of the judgment was mailed to the defendant. Johnson also testified that the jacket for Appellee's case had a notation on it stating, "judgment signed 5/05/03, copies returned on 5/5/03." When asked what "copies re-

turned" means, she replied, "[j]udging by the handwriting, it means that the copy was sent to—on judgment—the notice was sent that a judgment was taken. Should be. I honestly can't tell you because I haven't looked through the whole thing." Johnson testified that the court usually saves a copy of the notice sent, but was unable to locate such a copy within Appellee's file.

Pamela Dickey, a records management clerk for Parker County, also testified. Dickey stated that it was her handwriting on the file jacket. She explained that "copies returned" means that she made a copy of the judgment and put it in the mail to the defendant or the defendant's attorney. Dickey testified that she was not trained to put a copy of the letter in the file and that she does not normally do so. When Appellee's attorney asked Dickey if she could testify that she mailed a copy of the default judgment to Appellant on May 5, 2003, she replied, "[y]es, sir."

Although Appellant asserted that it did not receive notice until June 26, 2003, the trial court denied Appellant's motion, noting that there was no evidence that Appellant's registered agent for service of process, CT Corp System, also did not receive timely notice of the default judgment. In response, Appellant filed a motion for rehearing and attached the affidavit of Shirley Dillon, a senior process specialist for CT Corp System. Dillon's affidavit states, in pertinent part:

> I have checked the records of CT Corp System to determine whether a default judgment bearing cause no. 50414 and with Continental Casualty Company as the Defendant was received by CT Corp System. Such records would be cross referenced by cause number and the name of Continental Casualty Company.

1. CNA Group of Insurance Companies includes Appellant.

Our records reflect that no such default judgment was received by CT Corp System between May 5, 2003 and June 26, 2003.

The court denied Appellant's motion for rehearing and this appeal ensued. Pursuant to an order from this court, the trial court filed one finding of fact regarding the date when Appellant or Appellant's attorney first either received notice or acquired actual knowledge that the May 5, 2003 judgment was signed, which stated:

> [Texas Rule of Civil Procedure] 21a creates a presumption that mail placed in the care and custody of the United States Postal Service shall be deemed to have been received within [three] days from the date of such deposit. Therefore, it is the finding of the Court that [t]he Defendant is deemed to have received notice of the default judgment on May 8, 2003.

## STANDARD OF REVIEW

We review a trial court's decision to grant or deny a motion for new trial under an abuse of discretion standard. *Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994); *Wal–Mart Stores, Inc. v. Kelley,* 103 S.W.3d 642, 643–44 (Tex.App.-Fort Worth 2003, no pet.). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 687 (Tex.2002); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer,* 701 S.W.2d at 241–42.

An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *see also Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 211 (Tex.2002); *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1993, writ denied).

Before a default judgment can be set aside and a new trial granted, the defendant must satisfy all elements of the *Craddock* test. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The *Craddock* test is well-established: a default judgment should be set aside and a new trial ordered in any case in which (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) the motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Id.*

## JURISDICTION

Appellant asserts, in its second issue, that this court is required to exercise jurisdiction over this appeal because Appellant conclusively established through uncontroverted evidence that it timely filed its motion for new trial. Appellant argues in its fourth issue that if this court nevertheless finds that Appellant did not timely file its motion for new trial, we should consider

this a restricted appeal. Because Appellant's jurisdictional issues are potentially dispositive of this appeal, we address them first.

A motion for new trial must be filed prior to or within 30 days after the judgment or other order complained of is signed. Tex.R. Civ. P. 329b(a). An exception to this rule exists when a party adversely affected by a judgment or other appealable order did not receive notice nor acquire actual knowledge of the order within the time frame set forth in Rule 329b. *See* Tex.R. Civ. P. 306a(4), 329b. Rule 306a(5) prescribes the procedure for claiming this exception:

> In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Tex.R. Civ. P. 306a(5).

██ The requirements of Rule 306a(5) are jurisdictional. *Mem'l Hosp. v. Gillis,* 741 S.W.2d 364, 365 (Tex.1987); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.,* 126 S.W.3d 536, 540 (Tex.App.-Houston [1st Dist.] 2003, no pet.). The purpose of the Rule 306a(5) motion is to establish a prima facie showing of lack of notice, thereby reinvoking the trial court's jurisdiction for the limited purpose of holding a Rule 306a hearing. *In re Ray,* 967 S.W.2d 951, 953 (Tex.App.-Dallas 1998, orig. proceeding).

The party adversely affected by the ruling of the trial court must prove in the trial court, on sworn motion and notice, the date he or his attorney first received notice or acquired actual knowledge of the signing. Tex.R. Civ. P. 306a(5); *Grondona v. Sutton,* 991 S.W.2d 90, 91 (Tex.App.-Austin 1998, pet. denied). If evidence at the hearing establishes the date of notice, appellate deadlines and the court's plenary power start from that date rather than the date the judgment was signed, as long as that date is not more than 90 days after the original judgment or order was signed. Tex.R. Civ. P. 306a(5).

Appellant contends that it established that the date it first received notice of the default judgment was June 26, 2003. Appellant filed its motion for new trial on July 28, 2003—less than 30 days after Appellant's stated date of notice and within 90 days of the signing of the default judgment.[2] Therefore, according to Appellant, the requirements of Rule 306a(5) were met.

██ Under Rule 21a, if notice of a default judgment is properly addressed and mailed, postage prepaid, to the party's last known address, a presumption arises that the notice was properly received by the addressee. Tex.R. Civ. P. 21a; *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987); *Mosser v. Plano Three Venture,* 893 S.W.2d 8, 11 (Tex.App.-Dallas 1994, no writ). This presumption vanishes, however, if the opposing party offers proof of nonreceipt. *Cliff,* 724 S.W.2d at 780; *Mocega v. Bradford Urquhart, M.D.,* 79 S.W.3d 61, 65 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). The sender may respond by presenting other evidence of delivery; but if the sender relies on office routine to support an inference of receipt, there must be corroborating evidence.

**2.** Thirty days from June 26, 2003 fell on Saturday, July 26, 2003. Under Texas Rule of Civil Procedure 4, Appellant's deadline did not expire until the end of the day on Monday, July 28, 2003. Tex.R. Civ. P. 4.

*Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 928 (Tex.1999).

■ Here, Appellee presented testimony from the Parker County district clerk's office that it is their regular practice to send copies of a default judgment to the defendant, and Dickey testified that she mailed a copy of the default judgment to Appellant on May 5, 2003. This evidence was rebutted by Appellant's claim that it did not receive notice of the default judgment until June 26, 2003, and the affidavit from CT Corp System, which verified that it did not receive a copy of Appellant's default judgment before June 26, 2003. Appellee provided no evidence to corroborate the testimony regarding the regular routine of the Parker County district clerk's office, such as a signed return receipt or a copy of the notification letter, that would support an inference of receipt, nor any additional evidence of delivery.

We previously issued an order concluding that we have jurisdiction over this appeal pursuant to Texas Rule of Appellate Procedure 26.1(c). However, upon further review, we hold that Appellant's motion complied with the formal requirements of Rule 306a(5) by presenting a prima facie case demonstrating lack of notice until June 26, 2003. *See Wembley Inv. Co.,* 11 S.W.3d at 928. Consequently, we agree with Appellant that its motion for new trial, motion for rehearing, and notice of appeal were timely filed.[3] *See* Tex.R. Civ. P. 306a(4)-(5). This court, therefore, has jurisdiction over this appeal, and we sustain Appellant's second issue.

### DEFAULT JUDGMENT

Appellant contends in its first issue that the trial court abused its discretion in re-

fusing to set aside its default judgment because the trial court failed to meet essential requirements for overturning a TWCC decision enumerated in the Texas Labor Code. Section 410.258 provides:

(a) The party who initiated a proceeding under this subchapter or Subchapter G must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the executive director of the commission not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement.

. . . .

(f) A judgment entered or settlement approved without complying with the requirements of this section is void.

Tex. Lab.Code Ann. § 410.258(a), (f) (Vernon Supp.2004).

■■ Norman Darwin, counsel for Appellee, testified at the motion for new trial that he provided a copy of the default judgment to TWCC 30 days prior to the signing of the default judgment as required by the labor code. Appellant, citing *Cauble v. Key,* argues that Darwin's unsworn testimony cannot be accepted because evidence that is not sworn is no evidence at all. 256 S.W. 654, 655–56 (Tex. Civ.App.1923, no writ). Although an attorney's statements must be under oath to be considered evidence, the opponent of the testimony can waive the oath requirement by failing to object when an objection is necessary. *Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex.1997).

The reporter's record for the motion for new trial reflects the following exchange between the trial court and the parties' attorneys prior to Darwin's testimony:

---

**3.** Appellant's notice of appeal, filed on September 12, 2003, was filed within ninety days of June 26, 2003.

MR. BRENNER [Appellant's attorney]: Your Honor, I would like to call Mr. Darwin.

THE COURT: All right.

MR. BRENNER: Very briefly.

THE COURT: You can testify from there.

MR. DARWIN: All right, sir. Shall I be sworn?

THE COURT: You don't need to be sworn. He's an officer of the court. I don't think it's required.

MR. BRENNER: If the court doesn't believe it's required, I'm satisfied with that.

Appellant was clearly placed on notice that the court would consider Darwin's testimony valid evidence and therefore knew or should have known that an objection was necessary. *See id.* Appellant waived any objection to the testimony and provided no evidence to contradict this testimony. *See id.* Thus, the trial court properly treated Darwin's testimony as evidence.

■ Appellant additionally argues that the trial court's judgment did not contain a recital that the TWCC was sent notice of the default judgment no later than the thirtieth day before the date on which the court is scheduled to enter the judgment or approve the settlement as required by section 410.258(f) of the labor code. That section states, in its entirety, that a "judgment entered or settlement approved without complying with the requirements of this section is void." TEX. LAB. CODE ANN. § 410.258(f). The plain language of section 410.258(f) simply prohibits the trial court from rendering a judgment that does not comply with section 410.258, it does not require the trial court to recite the requirements of the labor code within the judgment. *See id.* Appellant cites no authority to support any other construction of the statute. We therefore conclude that the trial court's judgment is not void for failing to contain a recital that the TWCC was sent notice of the default judgment within the required time.

Appellant's final argument in support of its proposition that the trial court was required to set aside the default judgment asserts that the judgment is void because the trial court did not consider the decision of the TWCC Appeals Panel. The labor code mandates that a court sitting without a jury "shall consider the decision of the commission appeals panel" before rendering judgment on an issue regarding compensability or income or death benefits. *Id.* § 410.304(b) (Vernon 1996). The labor code additionally states that a judgment that does not comply on its face with "all appropriate provisions of the law" is void. *Id.* § 410.257(a), (f) (Vernon Supp.2004).

Appellant argues that the trial court's judgment is void because 1) the record does not reflect that the trial court considered the decision of the appeals panel and 2) the judgment on its face does not comply with these requirements. The record before us does not support Appellant's assertions. The trial court's judgment states that:

> The Court has read the pleadings and papers on file, and is of the opinion that the allegations have been admitted and that the determination by the [TWCC] that the April 24, 2001, compensable injury does not extend to include the left knee, in addition to the low back, is hereby set aside and held for naught.

The trial court specifically stated in its judgment that it read the pleadings and papers on file, which included the decision of the TWCC Appeals Panel. We therefore believe that the trial court considered the decision of the TWCC Appeals Panel, as evidenced on the face of its judgment, and thereby met the requirements of the labor code. Having rejected each of Ap-

pellant's arguments in support of its first issue, we conclude that the trial court did not abuse its discretion by failing to set aside the default judgment and overrule Appellant's first issue.

### CRADDOCK TEST

Appellant, in its third issue, asserts that the trial court abused its discretion in failing to grant a new trial because Appellant satisfied the *Craddock* test for setting aside a default judgment. First, Appellant contends that its failure to timely answer Appellee's original petition was not intentional or the result of conscious indifference. In determining whether a party acted intentionally or with conscious indifference, we look to the party's knowledge and acts or the knowledge and acts of their attorney. *Whitworth v. Blumenthal*, 59 S.W.3d 393, 400 (Tex.App.-Dallas 2001, pet. dism'd by agr.). Proof of accident or mistake negates intentional disregard or conscious indifference. *Id.* at 401. Some excuse, but not necessarily a good excuse, is enough to show lack of intentional disregard or conscious indifference. *Id.* Furthermore, under *Craddock*, a trial court must grant a motion for new trial if the plaintiff's evidence negating conscious indifference is uncontroverted. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984). The defaulting party bears the burden of supporting a claim of accident or mistake with evidence. *Rittmer v. Garza*, 65 S.W.3d 718, 724 (Tex.App.-Houston [14th Dist.] 2001, no pet.). The defaulting party satisfies its burden if the factual assertions in the defaulting party's new trial affidavits are not controverted and if the affidavits set forth facts that, if true, negate intent or conscious indifference. *Evans*, 889 S.W.2d at 269. However, conclusory allegations are insufficient. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex.1992); *Folsom Inv., Inc. v.*

*Troutz*, 632 S.W.2d 872, 875 (Tex.App.-Fort Worth 1982, writ ref'd n.r.e.).

When the defaulting party relies on an agent or representative to file an answer to a suit, it must establish that the failure to file an answer was not the result of the party's or the agent's conscious indifference. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex.1993); *Lowe v. Lowe*, 971 S.W.2d 720, 723 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). Here, Appellant makes a conclusory statement that the case was assigned to an attorney in Dallas named Kevin Thompson without clarifying what was entailed in "assigning" the case. Appellant did not provide an affidavit or live testimony from Thompson and therefore has presented no evidence with respect to Thompson's handling of the case. Consequently, Appellant has not met its burden to establish that the failure to file an answer was not the result of Thompson's conscious indifference. *Estate of Pollack*, 858 S.W.2d at 391; *Lowe*, 971 S.W.2d at 723. Because Appellant did not establish the first prong of the *Craddock* test, it is unnecessary for us to address the remaining two prongs, and we conclude that the trial court did not abuse its discretion in denying Appellant's motion for new trial. We overrule Appellant's third issue.

### CONCLUSION

Having overruled all of Appellant's non jurisdictional issues, we affirm the trial court's judgment.

GARDNER, J. filed a concurring opinion.

ANNE GARDNER, Justice, concurring.

I concur in the opinion and result, except as to the discussion regarding the motion to extend the postjudgment deadlines after a default judgment. An unin-

tended implication could arise from the majority opinion that a clerk may properly send notice of a default judgment to a defendant's registered agent for service. The majority indicates the trial court denied Appellant's motion to extend the post-judgment deadlines because there was no evidence that Appellant's registered agent for service of process, CT Corp System, also did not receive timely notice of the default judgment. I do not believe that the address of the registered agent for service is the correct address to send a notice of default judgment. And in fairness to the trial court, the context of that statement should be made clear.

The trial judge made that statement only after he had repeatedly inquired of and reminded the lawyers that a specific rule required the clerk to send notice of a default judgment to the last known mailing address of a defendant. Neither side produced a copy of that rule or addressed its requirements. Both parties simply agreed that the last known address in this case was Appellant's registered agent for service of process and focused, instead, on whether there was evidence that the notice was not received.

Rule 239a specifically governs notice of default judgments, requiring that, at or immediately before a default judgment is rendered, the party taking it or his or her attorney "shall certify to the clerk in writing the *last known mailing address of the party* against whom the judgment is taken."[1] I believe this rule is the one the

trial judge was referencing and that it, as well as Rule 21a, applies here.[2] Rule 239a further provides:

> Immediately upon the signing of the judgment, the clerk shall mail written notice thereof to the party against whom the judgment was rendered *at the address shown in the certificate,* and note the fact of such mailing on the docket."[3]

Once the required certificate of the last known mailing address of the defendant is on file, a presumption then arises, in absence of proof to the contrary, that the clerk has sent the notice required by Rule 239a.[4] Rule 21a, regarding the "method" of service, likewise generally provides for service of notices by mailing to a party's last known address, and specifies how proof of mailing invokes an additional rebuttable presumption that the notice was received.[5] For default judgments, I do not believe that Rule 21a even comes into play until the certificate is on file. In this case, the records management clerk testified that there was no last known address for Appellant on file and that she would thus have sent the notice of the default judgment to the address on the citation return, i.e., the address of CT Corp System as registered agent of service for Appellant.

Nevertheless, because the parties simply agreed that the proper address for sending notice in this case was that of Appellant's registered agent and no issue was raised as to the correctness of that address, the

1. TEX.R. CIV. P. 239a (emphasis added). In contrast, TEX.R. CIV. P. 306a(3) generally provides that, when a final judgment or appealable interlocutory order is signed, the clerk "shall immediately give notice to the parties or their attorneys of record by first-class mail." Notice of a judgment dismissing for want of prosecution is governed by Rule 165a(1), which states that notice of the dismissal "shall be given as provided in Rule 306a." TEX.R. CIV. P. 306a.

2. *See* TEX.R. CIV. P. 21a, 239a.

3. TEX.R. CIV. P. 239a (emphasis added).

4. *Sanchez v. Tex. Indus., Inc.,* 485 S.W.2d 385, 387 (Tex.Civ.App.-Waco 1972, writ ref'd n.r.e.).

5. TEX.R. CIV. P. 21a.

majority correctly holds that Appellant's burden to rebut the presumption of receipt was met by the evidence that its registered agent, CT Corp System, received no notice and that Appellant did not receive notice or actual knowledge of the judgment until July 26.

Rule 239a requires mailing of the notice to the defendant's last known mailing address "notwithstanding that the defendant may have a different office designated for service of process."[6] Whether the office of the agent designated for service of process is the defendant's correct last known address under Rule 239a may become particularly important if the judgment becomes final and the defendant is forced to file a bill of review. A bill of review is an independent action to set aside a judgment no longer reviewable by motion for new trial or appealable.[7]

A defendant deprived of an opportunity to file a timely motion for new trial or timely appeal after a default judgment because of erroneous information furnished to or by the clerk may be entitled to a bill of review when his failure to answer was not intentional or the result of conscious indifference.[8] A clerk's failure to send the notice to the correct last known address as required by Rule 239a is equivalent to "misinformation," which may entitle the defendant to have the judgment set aside on bill of review.[9]

Rule 239a is an administrative convenience for parties, and its purpose is to permit timely filing of postjudgment motions by a defendant.[10] Failure of the plaintiff to furnish the correct last known mailing address or of the clerk to send the required notice is not reversible error on ordinary or restricted appeal.[11] Therefore, I join in the opinion and the result reached by the majority with the exceptions noted.

6. *Buddy "L", Inc. v. Gen. Trailer Co.,* 672 S.W.2d 541, 545 (Tex.App.-Dallas 1984, writ ref'd n.r.e.) (citing *Hillson Steel Prods., Inc. v. Wirth, Ltd.,* 538 S.W.2d 162, 166 (Tex.Civ. App.-Houston [1st Dist.] 1976, no writ)).

7. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 926–27 (Tex.1999); *Caldwell v. Barnes,* 975 S.W.2d 535, 537 (Tex.1998).

8. *Petro–Chem. Transp., Inc. v. Carroll,* 514 S.W.2d 240, 244 (Tex.1974) (citing *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964)).

9. *Id.* at 243; *Long v. McDermott,* 813 S.W.2d 622, 623 (Tex.App.-Houston [1st Dist.] 1991, no writ); *Buddy "L",* 672 S.W.2d at 545.

10. *See, e.g., Clements v. Barnes,* 822 S.W.2d 658, 660 (Tex.App.-Corpus Christi 1991), *rev'd on other grounds,* 834 S.W.2d 45 (Tex.1992); *Bloom v. Bloom,* 767 S.W.2d 463, 468 (Tex. App.-San Antonio 1989, writ denied).

11. *Campbell v. Fincher,* 72 S.W.3d 723, 725 (Tex.App.-Waco 2002, no pet.) (holding bill of review, not restricted appeal, proper remedy for failure of clerk to send notice of default judgment); *Long,* 813 S.W.2d at 624 (holding judgment not reversible error on ordinary appeal for party's failure to furnish correct certificate); *Grayson Fire Extinguisher Co. v. Jackson,* 566 S.W.2d 321, 322 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.) (same).