

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00050-CV

IN THE INTEREST OF E.P.C.,                    APPELLANT
A CHILD

------------

### FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant Dominique Ross appeals the trial court's denial of her motion for new trial. Because we hold that the trial court did not abuse its discretion in denying Ms. Ross's motion, we affirm the trial court's judgment.

### Background Facts

Ms. Ross failed to appear at the final hearing on the modification of the parent-child relationship regarding her child, E.P.C. At the same time, the court also heard Ms. Ross's former attorney's motion to withdraw as counsel. Ms.

---

[1]*See* Tex. R. App. P. 47.4.

Ross's former attorney claimed that she had had no communication with Ms. Ross for months, despite repeated attempts to contact her, and therefore could not represent Ms. Ross in the final hearing. The court granted the motion to withdraw as counsel, granted a default judgment in the modification hearing, and awarded custody to the child's father. Ms. Ross filed a motion for new trial, claiming that her absence was the result of an emergency surgery which left her incapacitated on the day of trial. The motion was overruled by operation of law, *see* Tex. R. Civ. Proc. 329b(c), and Ms. Ross appealed.

### Standard of Review

Whether to grant a new trial after a default judgment lies within the discretion of the trial court. *Johnson v. Edmonds*, 712 S.W.2d 651, 652 (Tex. App.—Fort Worth 1986, no writ) (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939)). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support

2

the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

*Craddock* sets forth the test that a trial court employs in deciding whether it should set aside a default judgment and grant a motion for new trial. The movant must establish (1) that the failure to appear "was not intentional, or the result of conscious indifference . . . , but was due to a mistake or an accident;" (2) that she has a meritorious defense; and (3) that the granting of the motion for new trial "will occasion no delay or otherwise work an injury to the plaintiff." *Craddock*, 133 S.W.2d at 126. Because cases involving parental rights primarily concern the best interest of the child, Tex. Fam. Code Ann. § 153.002 (Vernon 2008), the court should ensure that it is as well informed as the circumstances allow. Accordingly, the best interest of the child requires that issues be as fully developed as possible, and technical rules of pleading and practice are not of controlling importance. *Williams v. Williams*, 150 S.W.3d 436, 446 (Tex. App.— Austin 2004, pet. denied).

## Discussion

Ms. Ross claims that the court abused its discretion in denying her motion for new trial because her absence was excused by her illness. A defaulting party must provide some excuse, though not necessarily a good excuse, for failing to timely file an answer or appear. *Comanche Nation v. Fox*, 128 S.W.3d 745, 750 (Tex. App.—Austin 2004, no pet.). That excuse, however, must be supported by some evidence. *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex. App.— Fort Worth 2004, pet. denied) (holding that defendant did not meet his burden under the first *Craddock* prong when he presented no evidence supporting his allegation that his failure to appear was not the result of his conscious

3

indifference); *Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642, 644 (Tex. App.—Fort Worth 2003, no pet.) ("[T]he movant must either submit competent evidence to support the *Craddock* elements [or] attach [affidavits] to its motion."). Ms. Ross's motion for new trial states that she had emergency surgery on the day of the hearing and that the pain medication made her unable to contact the court or her attorney regarding her absence. She also claims that her failure to contact her attorney was based on her mistaken belief that, because she had failed to pay her attorney's fees, her attorney had withdrawn and she was no longer represented by counsel.

Ms. Ross must also demonstrate that she has a meritorious defense. *See Craddock*, 133 S.W.2d at 126. "A meritorious defense has been set up so as to meet the second *Craddock* prong if the facts alleged in the movant's motion and supporting affidavits set forth facts which in law constitute a meritorious defense, regardless of whether those facts are controverted." *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). Ms. Ross states in her motion for new trial, without further detail, that she has a defense.

Ms. Ross failed to meet her burden under *Craddock*. She failed to support her motion with any evidence at all and it is completely devoid of facts regarding her possible defenses. She submitted no sworn affidavits or any other documents with her motion. Ms. Ross merely alleges that she was ill and that she has a defense. This, without more, does not satisfy the *Craddock* test. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) ("The motion must allege [f]acts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."); *Davilla*, 139 S.W.3d at

4

382 (holding that presenting no evidence of alleged excuse or mistake fails to satisfy the first prong of *Craddock*); *Kelley*, 103 S.W.3d at 644 (holding there was no showing of a meritorious defense where there was no evidence submitted regarding a defense and neither of the affidavits attached to the motion testified to facts regarding such a defense); *Wiseman v. Levinthal*, 821 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding that unverified factual allegations do not satisfy the first prong of *Craddock*).

Further, Ms. Ross does not dispute that she received and signed for a letter from her attorney on December 12, 2009, five days before the hearing. The letter notified Ms. Ross of her attorney's intent to withdraw and informed Ms. Ross of the date of the final hearing on the motion for modification. Ms. Ross's failure to respond to her attorney's letter or to contact the court about her attorney's intended withdrawal or her inability to attend the hearing reflects an intentional or conscious failure to respond, not a mistake or accident. *See O'Connell v. O'Connell*, 843 S.W.2d 212, 218 (Tex. App.—Texarkana 1992, no writ) (holding that trial court could have properly found that mother showed conscious indifference to proceedings when, among other things, she did not seek new counsel when her attorney withdrew and did not make inquiry regarding the date of trial).

## Conclusion

Because Ms. Ross failed to show that her absence was not intentional or the result of conscious indifference, and because she failed to set up a meritorious defense, we overrule Ms. Ross's sole issue and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  WALKER, McCOY, and GABRIEL, JJ.

DELIVERED:  December 23, 2010