02-10-050-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00050-CV 

 

 


 
 
 In the Interest of E.P.C., 
 a Child
 
 
  
 
 
 APPELLANT
 
 
 
 
  
  
  
 
 


 

 

------------

 

FROM THE
360th District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Appellant Dominique Ross appeals the
trial court’s denial of her motion for new trial.  Because we hold that the trial court did not
abuse its discretion in denying Ms. Ross’s motion, we affirm the trial court’s
judgment.

Background Facts

          Ms. Ross failed to appear at the final
hearing on the modification of the parent-child relationship regarding her
child, E.P.C.  At the same time, the
court also heard Ms. Ross’s former attorney’s motion to withdraw as
counsel.  Ms. Ross’s former attorney
claimed that she had had no communication with Ms. Ross for months, despite
repeated attempts to contact her, and therefore could not represent Ms. Ross in
the final hearing.  The court granted the
motion to withdraw as counsel, granted a default judgment in the modification
hearing, and awarded custody to the child’s father.  Ms. Ross filed a motion for new trial,
claiming that her absence was the result of an emergency surgery which left her
incapacitated on the day of trial.  The
motion was overruled by operation of law, see
Tex. R. Civ. Proc. 329b(c), and Ms. Ross appealed.  

Standard of Review

          Whether to grant a new trial after a
default judgment lies within the discretion of the trial court.  Johnson
v. Edmonds, 712 S.W.2d 651, 652 (Tex. App.—Fort Worth 1986, no writ)
(citing Craddock v. Sunshine Bus Lines,
133 S.W.2d 124, 126 (Tex. 1939)).  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Low v. Henry, 221
S.W.3d 609, 614 (Tex. 2007); Cire v. Cummings, 134 S.W.3d 835, 838–39
(Tex. 2004).  An appellate court
cannot conclude that a trial court abused its discretion merely because the
appellate court would have ruled differently in the same circumstances.  E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 558 (Tex. 1995); see also Low, 221 S.W.3d
at 620.

          An abuse of discretion does not occur
when the trial court bases its decisions on conflicting evidence.  In re Barber, 982 S.W.2d 364, 366
(Tex. 1998) (orig. proceeding). 
Furthermore, an abuse of discretion does not occur as long as some
evidence of substantive and probative character exists to support the trial
court’s decision.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

          Craddock
sets forth the test that a trial court employs in deciding whether it should
set aside a default judgment and grant a motion for new trial.  The movant must establish (1) that the
failure to appear “was not intentional, or the result of conscious indifference . . . , but was due to a mistake
or an accident;” (2) that she has a meritorious defense; and (3) that the
granting of the motion for new trial “will occasion no delay or otherwise work
an injury to the plaintiff.”  Craddock, 133 S.W.2d
at 126.  Because cases involving
parental rights primarily concern the best interest of the child, Tex. Fam.
Code Ann. § 153.002 (Vernon 2008), the court should ensure that it is as well informed
as the circumstances allow.  Accordingly,
the best interest of the child requires that issues be as fully developed as possible, and technical rules of pleading and practice are
not of controlling importance.  Williams v. Williams, 150 S.W.3d 436,
446 (Tex. App.—Austin 2004, pet. denied).

Discussion

          Ms. Ross claims that the court abused
its discretion in denying her motion for new trial because her absence was
excused by her illness.  A defaulting
party must provide some excuse, though not necessarily a good excuse, for failing
to timely file an answer or appear.  Comanche Nation v. Fox,
128 S.W.3d 745, 750 (Tex. App.—Austin 2004, no pet.).  That excuse, however, must be supported by
some evidence.  Cont’l Cas. Co. v. Davilla, 139 S.W.3d
374, 382 (Tex. App.—Fort Worth 2004, pet. denied) (holding that defendant did
not meet his burden under the first Craddock
prong when he presented no evidence supporting his allegation that his failure
to appear was not the result of his conscious indifference); Wal-Mart Stores, Inc. v. Kelley, 103
S.W.3d 642, 644 (Tex. App.—Fort Worth 2003, no pet.) (“[T]he movant must either
submit competent evidence to support the Craddock
elements [or] attach [affidavits] to its motion.”).  Ms. Ross’s motion for new trial states that
she had emergency surgery on the day of the hearing and that the pain
medication made her unable to contact the court or her attorney regarding her
absence.  She also claims that her
failure to contact her attorney was based on her mistaken belief that, because
she had failed to pay her attorney’s fees, her attorney had withdrawn and she
was no longer represented by counsel.

          Ms. Ross must also demonstrate that
she has a meritorious defense.  See Craddock, 133
S.W.2d at 126.  “A meritorious
defense has been set up so as to meet the second Craddock prong if the
facts alleged in the movant's motion and supporting affidavits set forth facts
which in law constitute a meritorious defense, regardless of whether those
facts are controverted.”  In re R.R., 209 S.W.3d
112, 116 (Tex. 2006).  Ms. Ross
states in her motion for new trial, without further detail, that she has a
defense.

          Ms. Ross failed to meet her burden
under Craddock.  She failed to support her motion with any
evidence at all and it is completely devoid of facts regarding her possible
defenses.  She submitted no sworn
affidavits or any other documents with her motion.  Ms. Ross merely alleges that she was ill and
that she has a defense.  This, without
more, does not satisfy the Craddock test.  See Ivy
v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966) (“The motion must allege [f]acts
which in law would constitute a defense to the cause of action asserted by the
plaintiff, and must be supported by affidavits or other evidence proving prima
facie that the defendant has such meritorious defense.”); Davilla, 139 S.W.3d at 382 (holding that presenting no evidence of
alleged excuse or mistake fails to satisfy the first prong of Craddock); Kelley, 103 S.W.3d at 644 (holding there was no showing of a
meritorious defense where there was no evidence submitted regarding a defense
and neither of the affidavits attached to the motion testified to facts
regarding such a defense); Wiseman v.
Levinthal, 821 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1991, no
writ) (holding that unverified factual allegations do not satisfy the first
prong of Craddock).

          Further, Ms. Ross does not dispute
that she received and signed for a letter from her attorney on December 12,
2009, five days before the hearing.  The
letter notified Ms. Ross of her attorney’s intent to withdraw and informed Ms.
Ross of the date of the final hearing on the motion for modification.  Ms. Ross’s failure to respond to her
attorney’s letter or to contact the court about her attorney’s intended withdrawal
or her inability to attend the hearing reflects an intentional or conscious failure
to respond, not a mistake or accident.  See O’Connell v. O’Connell, 843 S.W.2d
212, 218 (Tex. App.—Texarkana 1992, no writ) (holding that trial court could
have properly found that mother showed conscious indifference to proceedings
when, among other things, she did not seek new counsel when her attorney
withdrew and did not make inquiry regarding the date of trial).




Conclusion

          Because Ms. Ross failed to show that her
absence was not intentional or the result of conscious indifference, and
because she failed to set up a meritorious defense, we overrule Ms. Ross’s sole
issue and affirm the trial court’s judgment.

 

 

LEE GABRIEL

JUSTICE

 

PANEL:  WALKER, McCOY, and
GABRIEL, JJ.

 

DELIVERED:  December 23, 2010











[1]See Tex. R. App. P. 47.4.