OPINION HEADING PER CUR 









                                NO. 12-04-00314-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

MITCH ALFORD,    §                      APPEAL
FROM THE 188TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

ROBERT
W. CARY, M.D.,

APPELLEE   §                      GREGG
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION ON REMAND

            Mitch Alford appeals the granting of a bill of review in
favor of Robert W. Cary, M.D.  In three
issues, Alford contends the trial court erred in granting the bill of review
while Cary contends in three cross issues that it did not.  We affirm.

 

Procedural History

            Alford filed a lawsuit against Cary.  Although it is undisputed that Cary was
served with citation, he did not file an answer or appear.  The trial court later entered a default judgment
on liability and a final judgment against Cary awarding Alford $1,951,188.00 in
damages.  Cary then filed an original
petition for a bill of review asking the trial court to vacate the judgment
rendered against him.

            In his affidavit attached to his petition for bill of
review, Cary stated,

 

I
have been served with citation in lawsuits in which I have been sued on other
occasions.  On each of these occasions, I
followed the established office procedure at Diagnostic Clinic.  That procedure involves providing the
citation to the business manager of Diagnostic Clinic who, in return, forwards
the citation to the appropriate insurance carrier.

 

 








Later in his affidavit Cary
stated, “I do not recall being served with citation or the Plaintiff’s Petition
in Cause No. 2000-1977-A styled Mitch Alford v. Dr. Robert Cary in the 188th
District Court of Gregg County, Texas. 
If I had realized I had been sued, I would have followed [the] procedure
outlined above.”  

            Cary then filed a motion for summary judgment on his
petition for bill of review.  Later the
trial court signed an order granting the summary judgment motion, setting aside
the prior default and final judgments in favor of Alford, and granting a new
trial on the merits.  Two years later, on
August 30, 2004, the trial court entered a take nothing judgment in favor of
Cary and against Alford.  Alford timely
filed a notice of appeal of the summary judgment setting aside his prior
default and final judgments against Cary.[1]

            We reversed the trial court’s judgment, holding that Cary’s
bill of review affidavit was insufficient to negate conscious indifference as
the reason for his failure to answer Alford’s lawsuit. Alford v. Cary,
No. 12-04-00314-CV, 2005 WL 2665442, at *5 (Tex. App.–Tyler Oct.
19, 2005).  Cary filed a petition for
review, which was granted, and the Texas Supreme Court vacated our judgment and
remanded this case to us for reconsideration in light of its recent decision in
Fidelity and Guaranty Insurance v. Drewery Construction Co., 186
S.W.3d 571 (Tex. 2006) (per curiam). 

 

Issues

            In three issues, Alford attacks the summary
judgment.  In his first issue, he
contends that the trial court erred in granting summary judgment on the bill of
review because Cary failed to satisfy the required elements established by the Texas
Supreme Court in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d
996 (1950).  In his second issue, he
contends that the trial court erred because Cary failed to satisfy the relaxed
requirements for setting aside a final judgment established by the Texas Supreme
Court in Hanks v. Rosser, 378 S.W.2d 31 (Tex. 1964).  In his third issue, Alford contends that the
trial court erred because granting the bill of review was contrary to Rule 239a
of the Texas Rules of Civil Procedure.  

            In the first of three cross issues, Cary contends the
bill of review was proper because Alford did not present evidence to support
the damages awarded in the final judgment of February 5, 2001.  In his second cross issue, Cary contends he
was not afforded due process.  In his
third cross issue, Cary contends that if the trial court’s ruling on the bill
of review is reversed, we should remand the case for a trial on the merits.

 

Standard of Review

            The trial court granted Cary’s bill of review on a
traditional motion for summary judgment. 
In reviewing a trial court’s granting of summary judgment, we apply the
following standards: 1) the movant for summary judgment has the burden of
showing that there is no genuine issue of material fact and that he is entitled
to judgment as a matter of law; 2) in deciding whether a disputed material fact
issue exists, we accept as true the evidence favorable to the nonmovant;
and  3) we indulge every reasonable
inference in favor of the nonmovant and resolve any doubts in his favor.  See Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985).  For
a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and his
entitlement to judgment as a matter of law. 
Tex. R. Civ. P.
166a(c).  Once the movant has established
a right to summary judgment, the nonmovant has the burden to respond to the
motion for summary judgment and present to the trial court any issues that
would preclude summary judgment.  See,
e.g., City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678-79 (Tex. 1979).  All theories in
support of or in opposition to a motion for summary judgment must be presented
in writing to the trial court.  See
Tex. R. Civ. P. 166a(c).  We will reverse the summary judgment and
remand the cause for a trial on the merits if the summary judgment was
improperly granted.  See Gibbs v.
Gen. Motors Corp., 450 S.W.2d 827, 828-29 (Tex. 1970). 

 

Bill of Review

            Alford’s first two issues relate to the
proper standard for determining whether Cary was entitled to summary judgment
on his petition for bill of review.  We
will address those issues together.

Applicable Law








            Although the bill of review is an equitable proceeding,
before a litigant can successfully invoke it to set aside a final judgment, he
must allege and prove 1) a meritorious defense to the cause of action alleged
to support the judgment, 2) which he was prevented from making by the fraud,
accident, or wrongful act of the opposite party, 3) unmixed with any fault or
negligence of his own.  Alexander,
148 Tex. at 568-69, 226 S.W.2d at 998. 
Alford contends that these are the elements which Cary must establish
before he is entitled to a summary judgment granting the bill of review.  However, Alford concedes that the Texas
Supreme Court later relaxed these standards. 
See Hanks, 378 S.W.2d at 34-35.  In Hanks, our supreme court
held that

 

assuming
that the failure to file an answer is not intentional or the result of
conscious indifference, . . . if a litigant is misled or prevented
from filing a motion for new trial by misinformation of an officer of the court
acting within his official duties, and this misinformation is given to the
party or his counsel within the ten-day period for filing the motion for new
trial so as to bring about the failure to file a motion for new trial in time,
the trial court, upon finding that the party has a meritorious defense and that
no injury will result to the opposite party, may grant the bill of review.

 

 

Id. at 35.
Cary contends that the failure of the district clerk to serve him with the
default and final judgments was misinformation. See Petro-Chem. Transp.,
Inc. v. Carroll,  514 S.W.2d 240,
245 (Tex. 1994). Therefore, Cary argues, the Hanks standard
should be applied here because of the district clerk’s failure to give him
notice of the default and final judgments. We agree.

            The Amarillo Court of Appeals, in an exhaustive analysis
of the supreme court cases regarding the bill of review, determined that the Hanks
v. Rosser opinion effectively put the bill of review plaintiff (such as
Cary) in the same position he would have been in had he received correct
information from the court clerk and filed a timely motion for new trial. McDaniel
v. Hale, 893 S.W.2d 652, 660 (Tex. App.–Amarillo 1994, writ denied).
Therefore, in examining whether there was any fault or negligence on the part
of the bill of review plaintiff, fault or negligence should be measured by the
standard for negligence of the nonanswering defendant in a motion for new trial
situation rather than the standard of negligence for a complainant in a typical
bill of review proceeding.  Id.








            The rule is well established in
Texas that a default judgment should be set aside and a new trial ordered in
any case in which 1) the failure of the defendant to answer before judgment was
not intentional or the result of conscious indifference on his part, but was
due to a mistake or an accident; 2) provided the motion for a new trial sets up
a meritorious defense and 3) is filed at a time when the granting thereof will
occasion no delay or otherwise work an injury to the plaintiff.  Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). 
To be entitled to summary judgment, Cary was required to establish each
of these elements as a matter of law.  At
the trial court level and in his brief before us, Alford has not contested the
second and third elements of the Craddock test.  Therefore, we will address the first element
of Craddock shown above.

Intentional
or Conscious Indifference

            In determining whether a party acted
intentionally or with conscious indifference, we look to the party’s knowledge
and acts.  Continental Cas. Co. v.
Davilla, 139 S.W.3d 374, 382 (Tex. App.–Fort Worth 2004, pet.
denied).  The defaulting party satisfies
its burden if the factual assertions in the defaulting party’s supporting
affidavits are not controverted and the affidavits set forth facts that, if
true, negate intent or conscious indifference. 
Dir., State Employees Workers’ Comp. Div. v. Evans,
889 S.W.2d 266, 269 (Tex. 1994). 
Conscious indifference can be defined as “the failure to take some
action which would have been indicated to a person of reasonable sensibilities
under the same or similar circumstances.” 
Freeman v. Pevehouse, 79 S.W.3d 637, 647-48 (Tex. App.–Waco
2002, no pet.) (citations omitted).

            The Craddock standard
is one of intentional or conscious indifference – that the defendant knew it
was sued but did not care.  Fidelity,
183 S.W.3d at 575-76.  An excuse need not
be a good one to suffice.  Id.
at 576 (citing Craddock, 133 S.W.2d at 125).  Our supreme court has often set aside default
judgments when papers were misplaced, though no one knew precisely how.  Fidelity, 186 S.W.3d at
575.  A default judgment can be set aside
when the party served sets the citation down and simply loses it.  See Hanks, 378 S.W.2d at 32,
36.

Application
of Law to Facts

            As summary judgment evidence that he
was not consciously indifferent and did not intentionally fail to file an
answer, Cary provided his affidavit addressing his failure to answer Alford’s
lawsuit.  In it he implied that if he had
realized he was being served with citation of a lawsuit, he would have taken
the necessary steps to defend himself in court. 
His affidavit explains that he had been sued before and that the office
procedure had previously resulted in his being defended in court. This is
enough of an excuse to negate intentional or conscious indifference.   See Fidelity, 186 S.W.3d at
575-76.  Alford’s issues one and two are
overruled.








Finality of Judgment

            In his third issue, Alford contends
that the trial court erred by granting the bill of review because it was
contrary to Rule 239a,[2] which
states in relevant part:

 

Immediately upon the signing of the
judgment, the clerk shall mail written notice thereof to the party against whom
the judgment was rendered at the address shown in the certificate and note the
fact of such mailing on the docket. . . . 
Failure to comply with the  provisions of this Rule shall not
affect the finality
of judgment.

 

 

Cary
responds that in Petro-Chemical Transport, Inc. v. Carroll,  514 S.W.2d 240 (Tex. 1974), the Texas Supreme
Court determined that a bill of review is appropriate in a fact situation
similar to that in the case before us. 
There the losing party sought a bill of review attacking a judgment when
notice of the judgment was not mailed by the clerk as required by Rule 306d.[3]  The supreme court stated as follows:

 

Rule 306d simply provides that the clerk’s
failure to comply with its provisions shall not affect the finality of the
judgment.  By the express terms of Rule
329b, however, a final judgment may be set aside “by bill of review for
sufficient cause, filed within the time allowed by law.”  The finality of judgments is an important
consideration, but in our opinion a court of equity should not be utterly
without power to grant relief where the right to attack an unjust judgment has
been lost through the failure of the clerk to perform the mandatory duty
imposed by Rule 306d.

 

 

Id. at
245.  The supreme court then held that a
bill of review may be predicated on the clerk’s failure to send the required
notice.  Id.  Here, both parties agree that the clerk of
the court failed to send these notices to Cary after Alford had obtained both
the default and final judgments.  We hold
that a bill of review is the proper procedure to attack a final judgment when
the clerk has failed to send the required notices.  Alford’s third issue is overruled.  

 

Conclusion

 

            Having overruled Alford’s three
issues, there is no need for us to address Cary’s three cross  issues. 
See Tex. R. App. P. 47.1.  Accordingly, the judgment of the trial court
is affirmed.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

 

 

Opinion delivered January 10, 2007.

Panel
consisted of Worthen, C.J., Griffith, J. and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] There is no dispute between the parties
that the order granting Cary’s bill of review and setting aside Alford’s
default and final judgments was interlocutory and could not be appealed until
the take nothing judgment was entered in Cary’s favor on August 30, 2004.





[2] Except as otherwise indicated, the rules
cited in this opinion are the Texas Rules of Civil Procedure.





[3] This was the predecessor to rule
306a(3).