# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00331-CV

**Randolph A. Lopez, d/b/a Brown Hand Center and d/b/a Brown Medical Center, Appellant**

**v.**

**Cox Texas Newspapers, L.P., d/b/a Austin American-Statesman, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-13-002354, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Randolph A. Lopez, d/b/a Brown Hand Center and d/b/a Brown Medical Center attempts to appeal the trial court's summary judgment in favor of Cox Texas Newspapers, L.P. d/b/a Austin American-Statesman. We dismiss the appeal for want of prosecution.

On March 18, 2014, the trial court granted appellee's motion for summary judgment. On May 21, 2014, Lopez filed a motion for reconsideration and for new trial. This motion was not timely filed. *See* Tex. R. Civ. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of."). The clerk's record includes Lopez's motion for extension of post-judgment deadlines, but there is nothing to indicate whether Lopez complied with the hearing requirement mandated by Texas Rule of Civil Procedure 306a(5). *See* Tex. R. Civ. P. 306a(5); *Continental Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex. App.—Fort Worth 2004, pet. denied) (sworn motion filed by party alleging late notice of judgment establishes

prima facie case that party lacked timely notice and invokes trial court's otherwise-expired jurisdiction for limited purpose of holding evidentiary hearing to determine date on which party or its counsel first received notice or acquired knowledge of judgment). Therefore, it appears that in order to perfect this appeal, Lopez would have had to have filed his notice of appeal by April 17, 2014. *See* Tex. R. App. P. 26.1(a) (appellant must file his notice of appeal within 30 days after judgment is signed unless he timely files motion for new trial, motion to modify judgment, motion to reinstate, or request for findings of fact and conclusions of law). Lopez did not file a motion for extension of time to file his notice of appeal. *See id.* 26.3. Accordingly, it appears the May 21, 2014 notice of appeal was filed well outside the time limits to invoke this Court's jurisdiction.

On June 18, 2014, the Clerk of this Court sent counsel for Lopez a letter advising that it appeared that the notice of appeal was not timely filed and requesting that he respond by June 27, 2014 to the Court's request for proof of timely filing of a notice of appeal. The letter cautioned Lopez that a response must be filed no later than June 27, 2014 or the appeal would be dismissed. June 27, 2014 has passed and Lopez has not filed a response with the Court. Accordingly, the appeal is dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Prosecution

Filed: August 13, 2014