IN THE
TWELFTH COURT OF APPEALS

==========================
No. 12-15-00225-CV
==========================

JUAN ENRIQUEZ,
Plaintiff-Appellant,

v.

BRAD LIVINGSTON, ET AL.,
Defendants-Appellees.

==========================
Appeal from the 369th District Court
of Anderson County, No. 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
==========================

<u>SUPPLEMENT TO APPELLANT'S MOTION TO REINSTATE
APPEAL OR FOR REHEARING OR RECONSIDERATION</u>

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Appellant, supplements his motion to reinstate appeal or for rehearing or for reconsideration, showing as grounds the following.

I.

The Court noted that Appellant informed the Court in his amended notice of appeal that he had on July 15, 2015, filed a motion to vacate and correct judgment, but incorrectly stated it had not been provided with a copy of the motion. The motion, as pointed out in the motion to reinstate, <u>was</u> provided to the Court as part of the record on appeal. The motion to vacate:

1. Informs the district court that its judgment or order of dismissal entered in this cause on April 22, 2015, but not mailed to the Plaintiff by the District Clerk of Anderson County until July 1, 2015 and not delivered to him by Defendant prison officials until mid-July of 2015.

2. The motion is verified.

3. Mid-July is more than 20 days but less than 90 days after the judgment or order was signed.

FILED IN COURT OF APPEALS
12th Court of Appeals District
OCT 13 2015
TYLER TEXAS
PAM ESTES, CLERK

4.  The motion to vacate was filed on July 16, 2015, via the mailbox filing rule and received in the district clerk's office on July 24, 2015.

## II.

In In re Lynd Co., 195 S.W.3d 682 (Tex. 2006), the Texas Supreme Court held:

> Post-judgment procedural timetables -- including the period of the trial court's plenary power -- run from the day a party receives notice of judgment, rather than the day judgment is signed, if the party: (1) complies with the sworn motion, notice and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed. See Tex.R.Civ.P. 306a. Specifically, Rule 306a(5) requires that the party alleging late notice of judgment file a sworn motion with the trial court establishing the date the party or its counsel first learned of the judgment. Tex.R.Civ.P. 306a(5); see also Gillis, 741 S.W.2d at 365. The motion must be filed before the trial court's plenary power -- measured from the date of notice established under Rule 306a(4 -- expires. John v. Marshall Health Servs, 58 S.W.3d 738, 741 (Tex. 2001). The sworn motin establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise--expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. See Grondona v. Sutton, 991 S.W.2d 90, 91-92 (Tex.App.-- Austin 1998, pet. denied); Cont'l Cas. Co. v. Davilla, 139 S.W.3d 374, 379 (Tex.App. -- Fort Worth 2004, pet. denied); Cont'l Cas. Co. v. Davilla, 139 S.W.3d 374, 379 (Tex.App. -- Fort Worth 2004, pet. denied); see also Jon\. Stanley, 150 S.W.3d 244, 248 (Tex.App. -- Texarkana 2004, no pet.).

Lynd Co., at 686.

## III.

It is beyond argument that on the facts of this case and the controlling law as set forth in In re Lynd Co., supra, the lower court's plenary power ran from the day Appellant received notice of judgment. The motion to vacate judgment tracks the requirements of Rule 306a(5), Tex.R.Civ.P., which invoked the trial court's jurisdiction for the limited purpose of holding

an evidentiary hearing to determine the date on which the Appellant first received notice or acquired knowledge of the judgment.

Appellant has already filed a motion for nunc pro tunc corrected order seeking an evidentiary hearing. He has already filed a demand prior to mandamus. He has also filed an amended motion for nunc pro tunc order and will file a petition for mandamus with this court within a few days.

IV.

Appellant submits that this Court, probably because it was not aware that the motion to vacate judgment was before the Court in the record on appeal, improperly dismissed this appeal for lack of jurisdiction. Appellant submits that this Court has jurisdiction under Rule 306a, supra, until an evidentiary hearing is held to determine the date notice of judgment was received by Appellant.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that his motion be granted and that this appeal be reinstated.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

Certificate of Service

The foregoing motion was served by placing same in the United States mail, postage prepaid, on October 8, 2015, addressed to Ken Paxton, Attorney General of Texas, P. O. Box 12548, Capitol Station, Austin, TX 78711.

Juan Enriquez