**Opinion filed May 23, 2024**



## In The

# Eleventh Court of Appeals

_____

### No. 11-22-00284-CV

_____

### MARTHA GARZA COWLEY, Appellant

### V.

### MICHAEL GLENN COWLEY, Appellee

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM67458**

## M E M O R A N D U M   O P I N I O N

Appellant, Martha Garza Cowley, appeals (1) the trial court's order denying her motion to extend postjudgment deadlines following entry of her final divorce decree and (2) the agreed final divorce decree. The agreed final decree of divorce between Appellant and Appellee, Michael Glenn Cowley, was signed by the trial court on July 26, 2022. A copy of the signed decree was e-mailed to the parties' attorneys of record two days later. On October 5, 2022, Appellant filed a motion to

extend the postjudgment deadlines pursuant to Rule 306a.4 of the Texas Rules of Civil Procedure, claiming that she did not receive actual notice of the signed final decree of divorce. The trial court denied the motion, concluding that the notice of the final decree was sent electronically to Appellant's attorney by the district clerk in compliance with Rule 306a of the Texas Rules of Civil Procedure.

Appellant asserts two issues on appeal. In the first issue, Appellant argues that the trial court erred in denying Appellant's motion to extend the postjudgment deadlines because she "[f]irst [l]earned" that the trial court signed the agreed final decree of divorce more than twenty days, but less than ninety days after the date of judgment. In the second issue, Appellant argues that the divorce decree itself must be set aside as it fails to include all essential terms for the division of the martial estate. We dismiss the appeal for want of jurisdiction.

*Procedural History*

On July 26, 2022, the trial court signed an agreed final decree of divorce that was signed and approved by both parties. The parties' attorneys had signed the agreed divorce decree, approving it as to form, and Appellant and Appellee had approved and consented to the decree as to both form and substance. A copy of the signed final decree was electronically sent to the parties' attorneys two days after it was signed by the trial court. On October 5, 2022, Appellant filed a motion to extend the postjudgment deadlines, seventy-one days after the final decree was signed.

On October 18, 2022, the trial court held a hearing on Appellant's motion to determine whether she met the requirements to extend the postjudgment deadlines. During the hearing, Appellant's new counsel argued that Appellant and her prior attorney had never received notice that the final divorce decree had been signed by the trial court. Appellant claimed in her sworn affidavit that she was notified on September 23, 2022 that the trial court had signed a final decree of divorce, after her new attorney sent it to her. Appellant's attorney at the time the final decree was

signed, Jonathan Enright, claimed in his affidavit that he did not receive a copy of the final decree that the trial court signed, and that he did not acquire actual knowledge of such until it was forwarded to him by Appellant's new attorney. Enright and a paralegal working for Appellee's counsel also testified at the hearing.

Following the hearing, the trial court denied Appellant's motion to extend the postjudgment deadlines. In its October 24 order, the trial court found that, with regard to notice to Enright, the district clerk had complied with the notice requirements of Rule 306a.3. Appellant filed a notice of appeal on the same day, claiming to be aggrieved by the denial of her motion to extend postjudgment deadlines, and appealing the entry of the final decree of divorce and order thereof. On February 1, 2023, Appellee filed in this court a motion to dismiss this appeal for want of jurisdiction. He asserts two arguments in his motion to dismiss: (1) that we do not have jurisdiction to consider the trial's court October 24 order concerning notice under Rule 306a; and (2) Appellant's appeal of the final decree was not timely.

*Analysis*

In her first issue, Appellant essentially challenges the sufficiency of the evidence with respect to the trial court's October 24 order. As we previously noted, Appellee asserts in his motion to dismiss that we do not have jurisdiction to consider an appeal from this order. However, we recently held in *Rendon v. Swanson* that we have jurisdiction to consider orders denying Rule 306a motions. No. 11-19-00260-CV, 2021 WL 3672622, at *2–3 (Tex. App.—Eastland Aug. 19, 2021, no pet.) (mem. op.). Accordingly, we deny in part Appellee's motion to dismiss with respect to the October 24 order.

Appellate courts have limited jurisdiction to review issues stemming from Rule 306a motions to extend postjudgment deadlines. *Gilchrist Cmty. Ass'n v. Hill*, No. 14-21-00630-CV, 2023 WL 3513200, at *2–3 (Tex. App.—Houston [14th Dist.]

3

May 18, 2023, no pet.) (op. on r'hrg); *see Rendon*, 2021 WL 3672622, at \*3. In this regard, if we conclude that the trial court did not err in denying such motion, the appellate deadlines were not, and should not, have been extended, and we would lack jurisdiction to hear an appeal challenging the agreed divorce decree. *See Rendon*, 2021 WL 3672622, at \*3–4. Thus, we must first address Appellant's contention that the trial court erred in denying her Rule 306a motion.

Absent a timely filed notice of appeal, this court does not have jurisdiction over an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005). Generally, appellate deadlines run from the date the judgment or appealable order is signed by the trial court. *See* TEX. R. APP. P. 26.1. When the appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law, a notice of appeal from a final judgment or appealable order must be filed within thirty days after the judgment or order is signed by the trial court. TEX. R. APP. P. 26.1(a).

If a party affected by the judgment or appealable order has not, within twenty days after the judgment or order is signed, received the notice required by Rule 306a.3 or acquired actual knowledge of the signing, then "a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing." TEX. R. APP. P. 4.2 (such period may not begin more than ninety days after the judgment or order is signed). In this regard, Rule 306a applies when a party or their attorney has not received notice or acquired actual notice of the signing. *See* TEX. R. CIV. P. 306a. Rule 306a.4 provides:

> **4. No notice of judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph

4

(1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a.4.   At the time the motion to dismiss was filed and the complained-of order was signed, Rule 306a.3 provides that the clerk of the court "must immediately give notice to the parties or their attorneys of record electronically or by first-class mail" when a final judgment or order is signed by the trial court.   *Id.* R. 306a.3.[1]   Rule 306a.5 provides that, "[i]n order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court . . . the date on which the party or his attorney" either first received notice or acquired actual knowledge of the judgment or order.   TEX. R. CIV. P. 306a.5.

The party adversely affected must prove "on sworn motion and notice" that the date notice was received, or actual knowledge was acquired, "was more than twenty days after the judgment was signed."   *Id.*   The sworn motion establishes a prima facie case that the party lacked timely notice and invokes the trial court's otherwise expired jurisdiction—for the limited purpose of conducting an evidentiary hearing to determine on which date the party or his attorney first received notice or acquired actual knowledge of the judgment.   *Korczynski v. Cowboy Up Ranch*

---

[1] A prior version of Rule 306a.3 was effective at the time of the order, motion, and hearing; therefore, we address Appellant's issue under the version of Rule 306a.3 that was effective from May 1, 2022, to September 7, 2023.  In this regard, we note that Rule 306a.3 was amended, effective September 8, 2023, to require trial court clerks to send the judgment or order to the parties as provided in revised Rule 21(f)(10) of the Texas Rules of Civil Procedure.  Rule 21(f)(10) was contemporaneously amended to implement section 80.002(b) of the Texas Government Code, which provides, in relevant part, that a court or clerk may send any notice or document by using regular mail or electronic mail but must deliver court orders via e-file.  *Preliminary Approval of Amendments to Texas Rules of Civil Procedure 21, 165a, 239a, 246, 297, 298, 299, 299a, and 306a; Texas Rule of Appellate Procedure 9.2; and Rule 2.7 of the Statewide Rules Governing Electronic Filing in Criminal Cases*, Misc. Docket No. 23-9071 (Tex. Sept. 8, 2023), available at https://www.txcourts.gov/media/1457076/239071.pdf (effective immediately) (amending Rule 21(f)(10) to require the clerk to send orders, notices and other documents to the parties by e-file unless an exception in 21(f)(10)(B) applies); *see* TEX. GOV'T CODE ANN. 80.002 (West Supp. 2023).

*Furniture, LLC*, 651 S.W.3d 602, 605 (Tex. App.—Waco 2022, no pet.) (citing *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006); *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex. App.—Fort Worth 2004, pet. denied)).

On October 5, 2022, Appellant filed a motion to extend postjudgment deadlines under Rule 306a.4, and she, by affidavit, swore that she did not receive notice that a final decree of divorce had been signed on July 26, 2022, until her new attorney informed her of that fact on September 23, 2022. This motion was filed more than twenty but less than ninety days after the final decree of divorce was signed by the trial court, and thus was within the requirements of Rule 306a.4. At the hearing on the motion, Appellant presented two sworn affidavits—one from Appellant and one from Enright. Accordingly, Appellant established a prima facie case that provided the trial court with limited jurisdiction to consider her motion. *See Korczynski*, 651 S.W.3d at 605.

Appellant stated in her affidavit that she acquired actual knowledge that the trial court signed the final decree of divorce on September 23, 2022. Enright stated in his affidavit that he was never served with the final divorce decree signed by the trial court, and that he did not see a copy of it—or acquire actual knowledge—until Appellant's newly retained attorney sent it to him. Enright did not indicate on what date he either received notice or acquired actual notice of the signed final decree. But he did not specifically deny that an electronic copy of the signed decree had been sent to him by the district clerk pursuant to Rule 306a.3—nor did he state that it had not been electronically received.

During the hearing, Enright testified that his office sent a signed copy of the final decree of divorce—with his and Appellant's signatures—to Appellee's attorney on the morning of July 26, 2022. The prove-up hearing for the final divorce decree was set for later that same day. Having signed the proposed decree, by agreement, Appellant and Enright were not going to attend the hearing. Enright

6

testified that he received notice of the hearing on July 26 at the same e-mail address to which, two days later, the trial court clerk electronically sent the signed final decree of divorce.

Enright testified that he did not locate this e-mail during his review or preparation for the hearing. However, he later admitted that it could have been inadvertently deleted or that he may have simply not opened it. Enright ultimately acknowledged during the hearing that he eventually opened the e-mail from the clerk, and that it "would have been in [his] inbox at some point in time." Enright did not testify that it was his belief that the clerk's office failed to send the e-mail containing the signed agreed final decree of divorce.

In the trial court's order denying Appellant's motion to extend the postjudgment deadlines, the court made the following findings:

> (a) Texas Rule of Civil Procedure [306a.3] provides that the clerk of the Court, immediately give notice of a Final Judgment to the parties or attorneys of record electronically . . . The Court finds the clerk gave that notice to Ms. Cowley's attorney of record electronically by emailing it to Mr. Enright at the same email address the order setting this matter for a final hearing sent on July 26, 2022.

> (b) Prior to the hearing [of July 26, 2022], Mr. [Enright] emailed an Agreement Incident to Divorce and Agreed Final Decree of Divorce signed by both Mr. [Enright] and Ms. Cowley to Mr. Cowley's attorney. . . . Two days later the signed Decree was emailed to Mr. [Enright], again, at the same email address [to which] the notice of hearing was sent.

> . . . .

> (e). . . . The Court finds Rule [306a.4] is not applicable as Ms. Cowley is not adversely affected by an Agreement Incident to Divorce and an Agreed Final Decree of Divorce both she and her lawyer agreed to and signed. The Court further finds the Clerk of the Court complied with Rule [306a.3].

The evidence supports the trial court's order denying Appellant's motion to extend postjudgment deadlines. First, in July 2022, Enright was using two very similar e-mail addresses, one of which was listed on his original entry of appearance filed in the case in December 2020. Enright never advised the trial court of a second e-mail address. Therefore, all notices from the court were sent to Enright's original, designated e-mail address. Second, Enright testified that he had received notice of the July 26, 2022 hearing date by electronic means using the same e-mail address. Third, after the hearing, Enright did not follow up to get a signed copy of the final divorce decree, not because he did not receive notice, but because he was not sure that his client wanted a certified copy of the decree. Fourth, Enright found the district clerk's July 28, 2022 e-mail under his original e-mail address that he opened on September 30, 2022. In this regard, Enright did not contend that the Midland County District Clerk's office did not send to him on July 28, 2022, at the original e-mail address, the e-mail notice with a file stamped copy of the signed final divorce decree. Finally, the district clerk's e-mail of July 28, 2022 has two e-mail addresses to which the signed decree purports to have been sent—that of the parties' attorneys—one of which was the original e-mail address of Enright. Attorney for Appellee *did* receive his copy of the district clerk's e-mail and notice of the decree. The trial court did not abuse its discretion in concluding that Appellant's attorney did also.

Further, other evidence supports the trial court's ruling that notice was indeed received by Appellant's attorney on July 28, 2022 because (1) Enright admitted that he eventually *did* open the e-mail from the clerk's office; (2) the same e-mail address was used to send both notices of the prove-up hearing and the final decree; and (3) all parties had already signed the *agreed* final decree on the day of the prove-up hearing.

Based on the evidence, even if Appellant's assertions in her affidavit are true, they fail to establish that Enright did not receive the required notice. The Rule

considers notice effected if it is received by either the party *or* their attorney. *See* TEX. R. CIV. P. 306a.4. Thus, if a party or their attorney received notice of the order, actual knowledge of the contents is not required under the rule.[2] *Id.* R. 306a.4, .5; *Rendon*, 2021 WL 3672622, at *3.

Accordingly, the clerk complied with the notice provisions of Rule 306a, which is reflected in the record and the trial court's order denying Appellant's motion. For these reasons, we hold that sufficient evidence exists in the record to support the trial court's findings and the trial court's denial of Appellant's motion to extend the postjudgment deadlines. We overrule Appellant's first issue.

In her second issue, Appellant asserts that the final decree of divorce does not include all of the essential terms of the division of the parties' marital estate. Because Appellant's counsel received notice of the signed agreed final decree of divorce within twenty days of when it was signed, Rule 306a.4 is inapplicable and does not operate to extend the appellate deadlines. *See* TEX. R. CIV. P. 306a.3, .4; *In re Lynd*, 195 S.W.3d at 686; *Rendon*, 2021 WL 3672622, at *4; *see also Jarrell v. Bergdorf*, 580 S.W.3d 463, 467–68 (Tex. App.—Houston [14th Dist.] 2019, no pet.). With no valid extension of the appellate deadlines, Appellant's notice of appeal from the agreed final divorce decree was due to be filed with this court on August 26, 2022. *See* TEX. R. APP. P. 4.1(a), 26.1. Because the notice of appeal was untimely as it relates to the divorce decree, this court does not have jurisdiction to consider

---

[2]This court and several other courts of appeals have concluded, in circumstances similar to this case, that a party receives *actual* notice when the party receives an e-mail containing notice of the appealable order from the trial court clerk within twenty days of when the appealable order was signed, whether or not the party had actual knowledge of the e-mail's contents. *See Rendon*, 2021 WL 3672622, at *3; *Park v. Aboudail*, No. 02-20-00260-CV, 2021 WL 1421442, at *6 (Tex. App.—Fort Worth Apr. 15, 2021, no pet. h.) (mem. op.); *Arlitt v. Ebeling*, No. 03-18-00646-CV, 2018 WL 6496714, at *4 (Tex. App.—Austin Dec. 11, 2018, no pet.) (mem. op.); *see also Red Bluff, LLC v. Tarpley*, 679 S.W.3d 211, 216 (Tex. App.—Houston [14th Dist.] 2023, pet. filed); *Stettner v. Lewis & Maese Auction, LLC*, 611 S.W.3d 102, 107 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (holding that "Stettner's attorney's month-long delay in opening the June 29 Email does not mean that he did not receive the June 29 Email giving notice of the motions and their submission").

this appeal. *See Wilkins*, 160 S.W.3d at 564; *Rendon*, 2021 WL 3672622, at *4. Accordingly, we need not address Appellant's remaining issue on appeal. *See* TEX. R. APP. P. 47.1.

We sustain Appellee's motion to dismiss in part to the extent that it asserts we do not have jurisdiction to consider Appellant's appeal of the final decree of divorce.

*This Court's Ruling*

We dismiss this appeal for want of jurisdiction.


W. BRUCE WILLIAMS
JUSTICE


May 23, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.